## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF A SUBPOENA FOR CERTAIN INFORMATION ASSOCIATED WITH EMAIL ACCOUNT alqadah@gmail.com STORED AT THE PREMISES OF GOOGLE, LLC. | Case No. __MJ 19-0129-B__<br><br>**Filed Under Seal** |

### APPLICATION FOR ORDER COMMANDING GOOGLE, LLC NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA

The United States requests that the Court order Google, LLC not to notify any person (including the subscribers and customers of the account(s)) listed in the subpoena of the existence of the attached subpoena for twelve (12) months.

Google, LLC is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the subpoena, or court order." *Id.*

Government agents from the Federal Bureau of Investigation are currently investigating individuals suspected of alleged criminal activity potentially related to matters of national security. In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence,

change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b).

The investigation involves the analysis of voluminous records, voluminous emails, and other digital evidence. Agents are attempting to identify additional subjects through the review of emails and records. Moreover, the United States has reason to believe that certain subjects have been in communication with each other concerning the investigation. This elevates the concern that the revelation of the attached subpoena could serve to undermine the integrity of the investigation. Some of the evidence in this investigation is stored electronically. If alerted to the existence of the Order, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google, LLC not to disclose the existence or content of the attached documents for one (1) year, except that Google, LLC may disclose the attached subpoena to an attorney for Google, LLC for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted on this 15th day of July, 2019.

RICHARD W. MOORE
UNITED STATES ATTORNEY

By: */s/ Christopher J. Bodnar*
Christopher J. Bodnar
Assistant United States Attorney

                        United States Attorney's Office
                        63 South Royal Street, Suite 600
                        Mobile, Alabama 36602
                        Telephone: (251) 441-5845